UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yakov Breuer,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>MRS BPO, LLC,<br>Defendant. | Case No.: 7:22-cv-5984<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yakov Breuer brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant MRS BPO, LLC ("MRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant MRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1930 Olney Avenue, Cherry Hill, New Jersey 08003, and is registered to accept service of process through its agent, National Corporate Research, LTD., 122 East 42nd Street, 18th Floor, New York, New York 10168.

9. Upon information and belief, Defendant MRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom the Defendant MRS sent an initial collection letter;

   c. attempting to collect a consumer debt;

   d. wherein the current balance is listed as more than the charge-off balance without explaining the increase and/or noting that the balance is increasing; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g *et seq.*

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g *et seq.*

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have

any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to July 18, 2021, Plaintiff allegedly incurred an obligation to non-party Citizens Bank N.A. ("Citizens").

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (4).

23. The alleged Citizens obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Citizens is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. Upon information and belief, Citizens contracted the Defendant MRS for the purpose of collecting the alleged debt. Therefore, Defendant MRS is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

26. Defendant MRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations - July 18, 2021 Collection Letter*

27. On or about July 18, 2021, Defendant MRS sent the Plaintiff an initial collection letter regarding the alleged debt. See "Letter" attached as Exhibit A.

28. The Letter sets forth that the account balance is $4,059.83.

29. The Letter also quotes the total amount of the debt due as of charge-off as $3,465.00.

30. Thus, the balance allegedly increased since the account was charged-off.

31. However, the Letter does not state that the balance may increase or is increasing.

32. The Letter does not explain why the balance increased since charge-off.

33. The Letter fails to list any possible categories of additions to the charge-off balance.

34. The amounts listed do not add up and therefore do not make sense.

35. This leaves open the possibility that this mysterious charge could be added back, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that this mysterious addition appeared in the first place.

36. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic.

37. Accordingly, the Letter misleads the Plaintiff concerning whether paying $4,059.83 will close the account, or whether to expect another charge, so that more than $4,059.83 is necessary to close this account.

38. Furthermore, the Plaintiff is led to believe that he only owes $3465.00.

39. Defendant is required to advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase". *Carlin v. Davidson Fink LLP*, 842 F.3d 207, 216 (2d Cir. 2017).

40. The Letter is misleading because the Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was increasing.

41. Defendant and/or Citizens could still seek the interest and fees that accumulated after the Letter issued, but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

42. The FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

43. Alternatively, in light of the amounts stated in the Letter and the implication that additional charges could be accruing, then if, in fact, no additional amounts are accruing, Defendant must so state.

44. The Letter materially misled the Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

45. A debt collector cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

46. That false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, he would not.

47. Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

48. Plaintiff does not know why the mysterious amount was added nor whether it might be added again after some period of time if the debt remained unpaid.

49. The Letter is therefore deceptive.

50. Plaintiff was confused by this as the total balance had one amount whereas the charge-off had another amount without any explanation as to fees or interest that could account for the difference.

51. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

52. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the amounts stated in the Defendant's Letter are incorrect.

53. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

54. Because of this, Plaintiff expended time and money in determining the proper course of action.

55. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

56. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect monies not owed.

57. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused interest to accrue to the Plaintiff's financial detriment.

58. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused fees to accrue to the Plaintiff's financial detriment.

59. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

60. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

61. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

62. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

63. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

64. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

65. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

66. These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adapted to avoid any such violations.

67. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA

provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

68. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

69. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

70. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

71. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

72. As a result of the Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive or misleading representation, or means, in connection with the collection of any debt.

76. Defendant violated said section by:

    a. Failing to state that the balance may increase despite that it could, and in fact, did; or alternatively, implying that it will continue to increase when, in fact, it would not; in violation of §1692e (10); and

    b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

77. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

78. Plaintiff repeats the above allegations as if set forth here.

79. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

80. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

81. Defendant violated this section by unfairly:

    a. Failing to state that the balance may increase despite that it could, and in fact, did; or alternatively, implying that it will continue to increase when, in fact, it would not; and

    b. Falsely representing the character, amount or legal status of the debt.

82. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

83. Plaintiff repeats the above allegations as if set forth here.

84. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

85. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt

86. Defendant violated 15 U.S.C. §1692g by failing to include a clear statement about the amount of the debt and whether it is static or dynamic despite the implications in the Letter.

87. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

88. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yakov Breuer, individually and on behalf of all others similarly situated, demands judgment from Defendant MRS as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 13, 2022                           Respectfully submitted,

**Stein Saks PLLC**

s/ Robert T. Yusko
By: Robert T. Yusko, Esq.
One University Plaza
Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@SteinSaksLegal.com

*Attorneys for Plaintiff*